# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

### Eric A. MICHAELS
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24449

### Docket No. 1352

### 19 September 2012

Special Court-Martial convened by Commander, Coast Guard Atlantic Area. Tried at Alameda, California, on 9 November 2010.

| | |
|---|---|
| Military Judge: | CDR Benes Z. Aldana, USCG |
| Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Defense Counsel: | LT Robert E. Burk, JAGC, USN |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LT Frances Johnson-Gillion, USCGR |
| | LT Amanda M. Caprari Lee, USCG |

### ON RECONSIDERATION
### BEFORE
### McCLELLAND, McGUIRE & DUIGNAN
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ); two specifications of making false official statements, in violation of Article 107, UCMJ; two specifications of assault, in violation of Article 128, UCMJ; and one specification of disorderly conduct by participating in inappropriate hazing rituals to the discredit of the armed forces, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for five months and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged.

Before this Court, Appellant assigned as error that the adjudged sentence of a bad-conduct discharge and five months confinement is inappropriately disparate from six companion cases, rendering Appellant's sentence inappropriately severe as a matter of law. We ordered the Government to provide to the Court copies of the records of the trials of the six companion cases, and invited the parties to submit supplemental briefs. We took, and continue to take, judicial notice of the six records of trial.

On 13 August 2012, this Court disapproved the bad-conduct discharge and otherwise approved the findings and sentence. The Government moved for reconsideration on 12 September 2012. We hereby grant the motion. Upon such reconsideration, we affirm our previous decision. We withdraw the opinion of 13 August 2012 and replace it with the present opinion.

We agree that the companion cases are closely related to Appellant's case.[1] Regardless of whether his sentence is inappropriately severe as a matter of law, we exercise our authority under Article 66, UCMJ, to disapprove the bad-conduct discharge, as Appellant requests.

**Discussion**

Appellant was assigned to USCGC VENTUROUS (WMEC 625) between December 2007 and April 2009, the period during which he committed the offenses of which he was found guilty (aside from the false official statements).

From the records of this case and the six companion cases, it appears that seven individuals (and others who apparently were not tried) engaged more or less routinely, while VENTUROUS was at sea, in behavior variously called "inappropriate hazing rituals," "group wrestling matches," and "sandstorm parties," in which a targeted individual would be tied up by the hands and feet, and substances such as baby powder, the liquid from personal marker lights ("glow sticks"), and shaving cream would be mixed on the individual's chest and abdomen. Sometimes someone would use his hand to strike the individual on the abdomen. In some cases, someone would expose himself close to the targeted individual's face while he was tied up.

---

[1] The Government concedes this.

Appellant participated in these events, and was convicted of dereliction of duty and disorderly conduct for doing so on divers occasions, and of assaulting two named individuals as part of two such events. Appellant was also convicted of making two false official statements to investigators investigating the events in July 2009. He was the most junior individual of those tried, who ranged from nonrated persons a few months senior to him, up to a first class petty officer (E-6), who by most accounts was usually in charge of the events.

The accuseds in the six companion cases were convicted of similar offenses: in most cases, dereliction of duty and disorderly conduct for participating in the events, and false official statements during the investigation; in one case, impeding the investigation; and in all cases, various specifications of maltreatment or assault or both under Articles 93 and 128. Three persons were convicted of indecent exposure, indecent language, or abusive sexual contact. The number of named victims varies from one in one case to six or seven in three cases.

Three of the companion cases were tried at summary court-martial, two at special court-martial, and one, of the first class petty officer, at general court-martial. All except the general court-martial involved guilty pleas pursuant to pretrial agreements. All except Appellant and one other accused had protection against a punitive discharge in their pretrial agreements.

By the time they were tried, all of the other six accuseds had been advanced in grade since the events (in one case to E-4, in four cases to E-5, and in the other case to E-7). The sentences in the six companion cases included reductions in grade, forfeiture of two-thirds of one month's pay, and confinement for as much as 75 days or restriction for two months. In one case the sentence was no punishment.

There are some minor differences in the sentencing cases relating to the offenses (aggravation and extenuation) between Appellant's case and the six companion cases. However, there is a very obvious difference in mitigation. The six companion cases all contained significant positive performance evidence from the service record or otherwise, or character testimonials, or both. Appellant's positive sentencing evidence was thin and weak, while his service record contained considerable negative material.

We doubt that the differences in convictions provide a rational basis for the disparity in outcomes between Appellant's case and each of the companion cases, although the Government presents an unconvincing argument that they do. The Government also argues that the differences in the sentencing cases provide a rational basis for the disparities between Appellant's sentence and the sentence in each of the six companion cases. It is difficult to avoid the impression that the Government seeks to maintain Appellant's bad-conduct discharge because his generally negative service record warrants a less-than-honorable discharge. We will not support use of this court-martial as a convenient opportunity to discharge a servicemember whom the service does not want to retain.

We do not reach the question of whether the law of closely related cases requires us to grant relief in this case. Nor do we reach the question of whether a bad-conduct discharge is otherwise inappropriately severe for this case. We do not doubt that hazing offenses may justify a bad-conduct discharge. We simply decline to approve a punitive discharge upon the junior-most accused, given the minimal sentences, with no punitive discharges, adjudged against the other six accuseds, in these seven closely-related hazing cases.

### Error in Promulgating Order

We note that the promulgating order, dated 4 March 2011, erroneously states that the sentence included reduction to E-1.[2] This must be corrected.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. Only so much of the sentence as includes confinement for five months is approved. A new promulgating order shall be issued free of errors. Any rights, privileges and property of which Appellant has been deprived because of the mistake in the promulgating order or because of the adjudged bad-conduct discharge shall be restored to him.

---

[2] The Report of Results of Trial renders the sentence accurately, but the defense submissions and the Staff Judge Advocate's Recommendation all include the mistake.



For the Court,


Andrew R. Alder
Clerk of the Court